This court being fully advised in the premises find from the pleadings and admissions, that on the 25th day of September, 1915, the County Board of Education of Wyandot County, Ohio, created the McCutchenville Rural School District, and upon the same day duly appointed J. L. Bare and the defendants, except Frank Yambert, as the board of education of the newly created district.
That the persons so appointed duly qualified and organized as such board.
That later, J. L. Bare resigned, and the defendant, Frank Yambert, was. appointed by the County Board of Education of Wyandot County to fill the vacancy in the Board of Education of the Mc-Cutchenville Rural School District occasioned by the resignation of J. L. Bare.
That the County Board of Education of Wyandot County, Ohio, was duly and legally authorized *452 by the provisions of Section 4736, General Code, to appoint the members of the board of education of the newly created McCutchenville Rural School District, and that the appointment so made by them was valid and legal; and the pretended appointment by the commissioners of Wyandot county on the 9th day of October, 1915, was without authority of law, and void.
That the term of J. L. Bare under the appointment of the County Board of Education ended on the 1st day of January, 1918, and that his resignation after that date created no vacancy, and the appointment of the defendant, Frank Yambert, to such supposed vacancy, was null and void.
• The court further finds that the provisions of Section 4736-1 in relation to the successors of members of a board of education of a rural school district appointed by the commissioners of a county under authority of that section, have no application whatever to the election of successors of members of the board of education of a rural school district appointed by the county board of education under authority of Section 4736, General Code.
That under the provisions of Section 4712, General Code, the board of education of rural school districts shall consist of five members elected at large, at the same time township officers are elected, and in the manner provided by law, for the term of four years.
The court further finds that the relators were each duly, legally, and properly elected members of the board of education on the 6th day of Novem *453 ber, 1917, at the time fixed for the election of township officers within the state of Ohio as members of the Board of Education of the McCutchenville Rural School District.
, That they have duly qualified as members of the board of education of that district, and organized as such, and are entitled to exercise all the rights, powers, privileges and functions of the board of education of that district.
That the defendants unlawfully usurp the office of members of the Board of Education of the Mc-Cutchenville Rural School District, and unlawfully retain the books and other properties used in the transaction of the business of that board, and refuse to surrender ■ possession thereof to the relators, and unlawfully pretend to exercise the right to act and transact the business of the Board of Education of the McCutchenville Rural School District.
It is therefore ordered and adjudged, that the defendants and each of them be ousted from the office of member of the Board of Education of the McCutchenville Rural School District, and that the relators be inducted therein.

Writ allozved and judgment of ouster.

Wanamakee, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.